

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON**

**Thomas M. Renn**
Chief Bankruptcy Judge

405 E EIGHTH AVENUE, #2600
EUGENE, OREGON 97401
(541) 431-4050

Jonni R. Paulsen
Judicial Assistant

Catherine E. Jedlicka
Law Clerk

September 30, 2021

*VIA ECF ONLY*

| | |
|---|---|
| Mr. Keith Y. Boyd | Mr. Joseph M. VanLeuven |
| Attorney at Law | Davis Wright Tremaine LLP |
| 724 S Central Ave #106 | 1300 SW Fifth Ave #2400 |
| Medford, OR 97501 | Portland, OR 97201 |

    Re: James Andrew Bussmann; Case No. 21-61160-tmr12

Counsel:

    As the parties know, Movants Elizabeth Potter, Sara Strain, Jennifer Isenhart, and Mary Kistner (four sisters) filed a motion for relief from stay to pursue their state law claims in pending litigation against Debtor James Bussmann and others. Doc. #21. The state court case was scheduled for trial in Coos County, but Debtor filed this bankruptcy case 15 days before the trial date. Movants indicate the state court is prepared to move forward with the trial after the stay is modified. The parties have briefed and argued their positions and have requested a ruling based on the submissions.

    Movants and their three cousins (Debtor, Peter Bussmann, and George Bussmann) constitute the members (each one-seventh) of Bussmann Cranberries, LLC, a manager-managed LLC. Movants argue that all the state court claims are based on state law and are common to business disputes, including breach of the LLC operating agreement, breach of fiduciary duty, oppression, and conversion. They seek damages for alleged wrongful conduct by Debtor and George Bussmann along with recovery of property claimed by Debtor as property of the estate. Movants attached the third amended complaint with details about the claims. Doc. #21, Exh. 1.

    Movants assert that the state court is the proper forum to resolve the parties' disputes and to liquidate their claims, claiming the dispute has been ongoing in state court for 4 years and is governed by Oregon law. The state court had set trial for July 2021, the judge is familiar with the proceedings, and the state court trial can resolve all claims against Debtor and his two brothers in a single trial. Debtor disagrees and suggests the facts as presented by Movants are incomplete.

Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d). "Cause" is not defined in the Bankruptcy Code, but the bankruptcy court must decide whether it exists on a case-by-case basis. *See MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). The Ninth Circuit has held that bankruptcy courts have "wide latitude" in granting relief from stay. *See Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 109 (9th Cir. 1995), citing *Schwartz v United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir. 1992). *See also Wardrobe v. Wardrobe (In re Wardrobe)*, 559 F.3d 932 (9th Cir. 2009).

In his objection, Debtor discusses the 12 factors from the case of *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). The Ninth Circuit BAP found that the *Curtis* factors are "appropriate, nonexclusive factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation in another forum." *See Kronemyer v Am. Contractors Indem. Co., (In re Kronemyer)*, 405 BR 915, 921 (9th Cir. BAP 2009). Some of the *Curtis* factors do not apply in this case, and I will not discuss those. For the balance of the factors, I analyze them as follows:

Factor 1: Whether the relief will result in a partial or complete resolution of the issues. Some of the overlapping issues in Ernest and Lynn Bussmanns' bankruptcy and Debtor's bankruptcy will not be resolved in the state case. The state case will likely not resolve claims of Ernest Bussmann (Movants' father) against his daughters, or claims of Peter Bussmann against Ernest and Lynn, or Ernest's alleged claim against JWB Livestock, LLC. But any partial resolution will still benefit the bankruptcy estate by resolving some issues and allowing the other claims like the indemnity claim to proceed. It will also provide clarity on disputed assets claimed by the debtor. On balance, this factor weighs in favor of relief from the stay.

Factor 2: The lack of any connection with or interference with the bankruptcy case. The state case does relate to the bankruptcy case and directly affects Debtor's assets, including Debtor's ownership of Stone Age Farms, and his membership interest in Bussmann Cranberries, LLC. On its face, this factor weighs against relief from stay—Debtor has the possibility of losing his interest in several assets, one source of income, and having a money damages award against him. However, postponing trial against Debtor and confirming a plan without resolution may present problems in the future. Therefore, it is beneficial for the claims to be tried and concluded, which would aid in confirmation and implementation of a plan. Just because the state court ruling might affect Debtor's income or property of the estate does not require the bankruptcy court to make the determinations. *See Tucson Estates*, 912 F.2d at 1169. For this reason, this factor weighs in favor of relief from stay.

Factor 7: Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties. Litigation in another forum would prejudice the interests of other creditors. As noted above, there is a possibility that the state court case could reduce the estate assets if the court rules that the Stone Age Farm property will not be owned by Debtor. Additionally, Debtor may lose some of his monthly income and any judgment against the Debtor will become a liability that needs to be addressed. Even if litigation against Debtor is stayed, however, the litigation must occur at some point. Preventing

the litigation from concluding now will only delay the resolution and create uncertainty about plan confirmation. This factor, thus, weighs in favor of relief.

Factor 10: The interest of judicial economy and the expeditious and economical determination of litigation for the parties. Debtor argues that judicial economy is only served through settlement and allowing the parties to go forward would only promote litigation between the two families. The parties participated in a judicial settlement conference which was not successful. The state court case has been pending for a significant amount of time, the state court judge is familiar with the matter, discovery was complete, state law issues dominate, and the parties were prepared to go to trial. It would be in the best interest of the parties to continue the case in state court. This factor weighs in favor of relief.

Factor 11: Whether the foreign proceedings have progressed to the point where the parties are prepared for trial. The parties were prepared for trial, which was scheduled to begin in July 2021. Debtor concedes that the parties were ready for trial, although he argues that other factors weigh against relief and should be given more weight. The fact that the parties were prepared for the state court case weighs in favor of granting relief from stay.

Factor 12: The impact of the stay on the parties and the "balance of hurt." Although the stay protects Debtor from losing assets of the estate, the litigation must occur at some point. It benefits all parties to try the case now. All parties for the litigation can be present, the same case against Debtor does not have to be re-litigated a second time, there is less potential that a confirmed plan will be later impacted, and there is less need for future plan modification. This factor weighs in favor of relief.

When evaluating whether cause exists, the Ninth Circuit has directed the bankruptcy courts to look at the factors it would apply in determining whether to abstain from hearing a state court matter. *Tucson Estates*, 912 F.2d at 1166. Bankruptcy courts cite the abstention factors in *Tucson Estates* when determining whether cause exists to modify the automatic stay. These factors have some overlap with the *Curtis* factors and are considered below. The BAP has further stated that the bankruptcy court "should consider judicial economy, the expertise of the state court, prejudice to the parties, and whether exclusively bankruptcy issues are involved" when deciding whether to allow continuing litigation in the state court. *Merriman v Fattorini (In re Merriman)*, 616 B.R. 381, 387 (9th Cir. BAP 2020).

The state court case involves claims brought against George Bussmann, James Bussmann, Peter Bussmann, and Diane Bussmann, and includes issues related to the related business entities. Much of the same facts and evidence would be used for trial against Debtor, making it inefficient to go to trial without him. Regardless of his party status, Debtor seems likely to be a witness in the case. The issues for trial are all state law claims and include breach of fiduciary duty, conversion, unjust enrichment, and action for ejectment—all claims that the state court handles. The only bankruptcy issue raised is the potential nondischargeable aspect of any damage award against Debtor. Those claims could later be addressed in an adversary proceeding, and the deadline for filing such a complaint has been extended by stipulated order. Doc. #49.

An analysis of the *Tucson Estates* factors supports the conclusion that relief from stay should be granted. Those factors include: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention (favors relief if state court is prepared to move forward with trial); (2) the extent to which state law issues predominate over bankruptcy issues (favors relief because solely involves state law issues); (3) the difficulty or unsettled nature of the applicable law (neutral because not unsettled); (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court (favors relief with pending case ready for trial); (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334 (favors relief based on "related to" jurisdiction); (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case (favors relief because issues remote and deal with nondebtor parties); (7) the substance rather than form of an asserted "core" proceeding (favors relief because the claims are not core); (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court (favors relief because claims of nondischargeability can be addressed later); (9) the burden of the bankruptcy court's docket (favors relief because of estimated length of trial and extent of state law issues); (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties (favors relief based on timing of filing prior to scheduled trial); (11) the existence of a right to a jury trial (favors relief as jury trial requested in the state court case); and (12) the presence in the proceeding of nondebtor parties (favors relief with numerous other parties in case).

Applying both the *Curtis* factors and the *Tucson Estate* factors, the facts before this court weigh in favor of granting Movants' motion for relief from stay. For the foregoing reasons, I will grant the motion for relief from stay. The state court case will be allowed to proceed to trial and resolution including judgment. No enforcement or collection will be allowed. The court will draft its own order.

Movants also request a waiver of the 14-day stay provided by FRBP 4001(a)(3) to allow the state court to move forward with the scheduled trial. Based on Debtor's request, I delayed entry of this ruling to allow for the parties to conduct a judicial settlement conference. That conference was held, but it was unsuccessful. I agree with Movants that the relief order should have an immediate effect and will include that in the order.

Very truly yours,

THOMAS M. RENN
Chief Bankruptcy Judge

TMR:jp